ANTOINE LAMONTE WISEMAN,
     Plaintiff,

v.

SUPER EGO HOLDINGS, LLC, ET AL.,
     Defendants.

Case No. 3:26-cv-175

Judge Aleta A. Trauger
Magistrate Judge Luke A. Evans

To:    The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for a Report and Recommendation on dispositive matters (Doc. No. 10). Pending before the Court is "Defendants' Motion to Dismiss Pursuant to Tennesse[e] Rule of Civil Procedure 12.02(b) or, Alternatively, to Compel Arbitration and Stay Proceedings," filed by Defendants, Super Ego Holdings, LLC and Trytime, LLC[1] (Doc. Nos. 8-9, "Motion to Dismiss"). *Pro se* plaintiff, Antoine Lamonte Wiseman, has not responded to the Motion to Dismiss. It is recommended that the Motion to Dismiss be granted and that this action be dismissed without prejudice for failure to prosecute.

## I.    Background

On January 13, 2026, Plaintiff filed this civil action in the Chancery Court of Davidson County, Tennessee (Doc. No. 1-1). The action was subsequently removed to this Court on February 18, 2026 (Doc. No. 1). Plaintiff has not filed any amended complaint since removal to this Court. In Plaintiff's state court complaint, he asserts various causes of action, including breach

---

[1]    Defendant Trytime, LLC has not been served with the summons and underlying complaint, but will be represented by the same counsel as its co-Defendant and has both consented to removal and joined in the Motion to Dismiss (Doc. Nos. 1 and 8).

of contract, unjust enrichment, wrongful termination, and certain wage and hour issues related to an Independent Contractor Operating Agreement entered into between Plaintiff and Defendant Trytime, LLC (Doc. Nos. 1 at p. 2 and 1-1 at p. 7-9). According to his complaint, Plaintiff seeks compensatory damages in addition to declaratory, equitable, and injunctive relief (Doc. Nos. 1 at p. 2 and 1-1 at p. 9).

In lieu of an answer, Defendants filed the pending Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure and the Federal Arbitration Act, 9 U.S.C. (Doc. No. 8 at p. 1). Among other arguments, Defendants take issue with the sufficiency of Defendant-specific allegations within Plaintiff's complaint, contending that "Plaintiff repeatedly refers collectively to 'Respondents' without distinguishing between [them]" (*Id*. at p. 2). That is, Defendant argue that "[t]he Complaint fails to: (1) [i]dentify what specific conduct is attributable to each Defendant; (2) [a]llege what obligations were assumed by each entity; or (3) [s]et forth [D]efendant-specific facts establishing plausible liability" (*Id*.). Defendants also argue that fraud allegations require "more exacting" pleading, and Plaintiff offers only conclusions "without specific factual allegations detailing the misrepresentation, the speaker, the timing, the reliance, and resulting damages" (*Id*.).

The Motion to Dismiss was filed on February 25, 2026 (Doc. No. 8), and Local Rule 7.01 provided Plaintiff with a 14-day period to file a response. M.D. Tenn. L.R. 7.01(a)(3). The certificate of service included in the Motion to Dismiss states that a copy was emailed and mailed to Plaintiff at his address of record (*Id*. at p. 4). To date, Plaintiff has not filed a response of any kind and has not otherwise made any filings or had any contact with the Court since removal of the case to federal court.

## II.  Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded

factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Because Plaintiff appears *pro se*, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

## III.     Analysis

Plaintiff's failure to respond to the Motion to Dismiss cannot be ignored. Under this Court's Local Rules, failure to file a response indicates a waiver. M.D. Tenn. L.R. 7.01(a)(3); *see also Scott v. State of Tenn.*, 878 F.2d 382, 1989 WL 72470 at *2 (6th Cir. 1989). Although the Court recognizes that Plaintiff is proceeding *pro se*, that does not excuse him from complying with this Court's Local Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (noting that the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *see also Fields v. Cnty. of Lapeer*, 238 F.3d 420, 2000 WL 1720727 at *2 (6th Cir. 2000) (("[I]t is incumbent on litigants, even those proceeding *pro se*, to follow . . . the rules of procedure."). Likewise, failure to

3

oppose or otherwise defend against a request for dismissal can be viewed as an indication that Plaintiff has abandoned his claims. *See Doe v. Bredesen*, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming that the plaintiff abandoned certain claims by failing to raise them in his opposition).[2]

After review of the record in this case, Defendant's unrebutted arguments for dismissal are legally sound. Defendant accurately sets out sufficient 12(b)(6) analysis for judging the sufficiency of a complaint against basic pleading standards. Defendants also sufficiently argue that Plaintiff's group pleading is so lacking in specificity that it fails to provide adequate notice of the claims against either Defendant, let alone the factual grounds upon which each claim rests (Doc. No. 9 at p. 11-13).[3] *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392 (6th Cir. 2020) (noting that a pleading must clearly identify legal claims and connect specific facts and events with these claims). Here, due to the difficulty in determining what specific legal claims are being raised, Plaintiff has not sufficiently pleaded factual content that allows the Court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Absent a response from Plaintiff, it is not the duty of the Court to "abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Guarino v. Brookfield Twp. Tr.*, 980 F.2d 399, 406 (6th Cir. 1992); *see Cunningham v. Enagic USA, Inc.*, No. 3:15–0847, 2016 WL 5415106, at *2 (M.D. Tenn. Sept. 28, 2016) ("[T]his Court is not required to develop legal theories and arguments in Plaintiff's stead in order to defeat the motion to dismiss."); *see also Birmingham-Jefferson Cnty. Transit Auth. v. Boatright*, 2009 WL 2601926, at *1 (M.D. Tenn.

---

[2] This Report and Recommendation further gives Plaintiff an opportunity to raise any objections to dismissal of this case.

[3] Because the Court may dismiss this matter for failure to prosecute and sufficiency of Defendants' arguments as to Plaintiff's failure to state a claim, the Court need not evaluate the alternative dispositive grounds raised by Defendants (Doc. No. 9).

Aug. 20, 2009) (favorably citing *Guarino* in review of motion to dismiss for which there was no response). Plaintiff cannot then simply ignore a request from Defendants to dismiss the lawsuit. Accordingly, the Court recommends the Motion to Dismiss be granted. Further, although Defendants request that the lawsuit be dismissed with prejudice (Doc. No. 9 at p. 19), the Court does not agree that a dismissal with prejudice is warranted at this stage based on a pleading deficiency, even under these circumstances where the deficiency is fatal. *See Fletcher v. Freedom Mortg. Co.*, No. 1:25-cv-00007, 2025 WL 2493322, at *2 (M.D. Tenn. Apr. 4, 2025); *see also Doe v. Harris*, No. 3:24-cv-00503, 2024 WL 3367167, at *2 (M.D. Tenn. July 7, 2024).

## IV. Recommendation

For the foregoing reasons,

IT IS RECOMMENDED that the Motion to Dismiss (Doc. No. 8) be GRANTED and Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

Any party has 14 days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within 14 days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within 14 days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 11th day of May, 2026.

                                                 _____
LUKE A. EVANS
United States Magistrate Judge