# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| ANTOINE LAMONTE WISEMAN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )      **Case No. 3:26-cv-00175** |
| | )      **Judge Aleta A. Trauger** |
| SUPER EGO HOLDINGS, LLC *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM

Before the court are plaintiff Antoine Wiseman's Specific Written Objections (Doc. No. 19) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 18), which recommends that the Motion to Dismiss (Doc. No. 8) filed by defendants Super Ego Holdings, LLC ("Super Ego") and Trytime Transport, LLC ("Trytime") (incorrectly named in the Complaint as "Trytime LLC") be granted and that this case be dismissed without prejudice.[1]

Wiseman's *pro se* Complaint sets forth claims for breach of contract, unjust enrichment, wrongful termination, and possibly violations of the wage and hour provisions of the Fair Labor Standards Act (without mentioning that Act), arising from a lease-purchase agreement and independent contractor agreement between the plaintiff and the "Respondents." (Doc. No. 1-1 at 11.)[2] The "Respondents" are Trytime, Super Ego, and "John Does 1–50." (*Id.* at 6.) The plaintiff

---

[1] The defendants filed a late Response to the plaintiff's Objections on August 13, 2026. (Doc. No. 21.) Because the defendants did not request an extension of the deadline, the court has not considered the Response.

[2] The plaintiff's complaint, actually styled as a Petition for Declaratory, Equitable, and Injunctive Relief ("Petition") was filed in the Chancery Court for Davidson County, Tennessee and removed to this court on the grounds of diversity jurisdiction. (*See* Doc. No. 1.) The Petition is in the record at Doc. No. 1-1 at 6–36.

seeks equitable and injunctive relief, restitution, disgorgement, costs and fees. (*Id.* at 9–10, 31–35.)

The R&R recommends that the moving defendants' Motion to Dismiss be granted on the grounds that the Petition (1) refers to the defendants as "Respondents" without distinguishing between them or identifying what conduct is attributable to each defendant and (2) fails to plead factual content sufficient to allow the court to draw the reasonable inference that either defendant is liable for the relief the plaintiff seeks. (Doc. No. 18 at 3–4.) The R&R does not reach the defendants' alternative argument that the forum selection and arbitration clauses in the plaintiff's Driver Independent Contractor Operating Agreement ("Operating Agreement") with Trytime, attached as an exhibit to the Motion to Dismiss, also require dismissal of the plaintiff's claims. The R&R also does not address the fact that the Petition names as "Respondents" "John Does 1–50" in addition to Trytime and Super Ego. The John Doe defendants have never been identified or served with process.

The plaintiff has filed timely Specific Written Objections (Doc. No. 19) and a supporting Memorandum (Doc. No. 20),[3] objecting to (1) the R&R's findings that the Petition fails to plead defendant-specific facts; (2) the R&R's rejection of the plaintiff's newly introduced "unified enterprise" theory raised in his Response to the Motion to Dismiss; and (3) the Magistrate Judge's recommendation that his Petition be dismissed in its entirety without giving the plaintiff the opportunity to amend his pleading. (*See generally* Doc. No. 19.) The plaintiff specifically notes that he does not raise objections regarding matters not decided by the Magistrate Judge, including the defendants' alternative grounds for dismissal based on the forum selection and arbitration

---

[3] The plaintiff's Memorandum elaborates slightly on each of these arguments. (Doc. No. 20.)

clauses in the plaintiff's Operating Agreement with Trytime (*id.* at 6), although he did address these arguments in his Response to the Motion to Dismiss (Doc. No. 14).

In accordance with Federal Rule of Civil Procedure 72(b)(3), the court has conducted a *de novo* review of those portions of the R&R to which the plaintiff objects and finds no error in the Magistrate Judge's findings and recommendations. First, the Petition, while it identifies the two defendants, does not distinguish between them, instead referring generally to "Respondents," even though it is clear that Trytime was the only entity with which the plaintiff contracted for employment in the Operating Agreement. Second, the Petition does not contain any specific allegations of wrongdoing by either defendant. Instead, it asserts in a wholly conclusory fashion that the "Respondents" engaged in a systematic misrepresentation of the employment relationship, "exercised exclusive control" over the plaintiff's activities, deducted charges and paid the plaintiff a net amount in compensation "well below lawful minimum levels," and terminated the plaintiff and repossessed his operating equipment without notice. (*See generally* Petition.) The plaintiff's most promising avenue of relief would appear to be through the Fair Labor Standards Act ("FLSA"), but he does not explain Super Ego's role in this lawsuit at all, and he has not pleaded *facts* (as distinct from legal conclusions) that, if true, would establish a violation of the FLSA by Trytime.

With regard to the plaintiff's contention that he should be granted leave to amend his pleading, the plaintiff could have, but did not, file an amended complaint as a matter of course in response to the defendants' Motion to Dismiss. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), . . . whichever is earlier."). A request to amend appended to Objections after the Magistrate Judge has recommended dismissal

is not a *motion* for leave to amend; nor did the plaintiff's request comply with the court's local rule for seeking leave to amend, which requires that any motion to amend pleadings under Federal Rule of Civil Procedure 15 "include as an exhibit the signed proposed amended pleading." L.R. 15.01(a)(1). The court cannot grant leave to amend without having viewed the proposed amended pleading.

However, although the defendants' Motion to Dismiss will be granted, this case will not be dismissed altogether, because neither the R&R nor the Motion to Dismiss filed by Trytime and Super Ego addresses the Petition's naming as "Respondents" "John Does 1–50." To be clear, the Petition does not identify any action taken by any individual and does not remotely state a claim against these John Does 1–50. Moreover, although this case has been pending in this case for more than six months, the plaintiff has made no effort to identify or serve the John Doe defendants.

Accordingly, the plaintiff is given notice under Rule 4(m) that his claims against John Does 1–50 will be dismissed without prejudice unless the plaintiff, within twenty-one days of the date this Order is docketed, shows good cause for the failure to serve them within 90 days after the Complaint was filed. Fed. R. Civ. P. 4(m).

In addition, the plaintiff may, within the same twenty-one days, file a properly supported motion for leave to amend his pleading in compliance with Rule 15(a)(2). Any proposed amended complaint must clearly state the *facts* upon which the plaintiff's claims are based, distinguish between the roles of the two entity defendants, and deal with the fact that the plaintiff's contract with Trytime, at least, appears to be governed by mandatory forum selection and arbitration clauses. In addition, if the plaintiff intends to pursue claims against additional defendants, the proposed amended pleading must clearly identify such defendants and articulate with specificity the claims against them individually.

In sum, the court will overrule the plaintiff's Objections (Doc. No. 19), accept the R&R (Doc. No. 18), and grant the moving defendants' Motion to Dismiss (Doc. No. 8). Rather than dismissing the case without prejudice at this time, the court will grant the plaintiff the opportunity to respond to the order to show cause and to file a motion for leave to amend.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge